*E. K. Wilcox, Dan R. Bruce,* contra.

---

### 6937. WARD & TINSLEY *v.* JENNINGS.

Where the petition in an action for breach of warranty alleged that the warranty was that the defendants "would guarantee the well to be constructed by them [on the plaintiff's farm] to be a success, i. e. that it would furnish sufficient good water for the purpose necessary and convenient on said farm," and the plaintiff testified that no time was specified in the warranty, but it "was to be long enough to prove that the well would stay good and all right," and there was no further testimony as to the time for which the warranty was to continue, it was error for the court to charge the jury on the theory that the defendants represented that the supply of water would be continuous, and that they would keep the well in good condition.

DECIDED JUNE 28, 1916.

Complaint; from city court of Dawson—Judge Edwards. August 28, 1915.

*W. H. Gurr,* for plaintiff in error. *Yeomans & Wilkinson,* contra.

HODGES, J. This was a suit upon a breach of express warranty in the digging and boring of a deep well. The plaintiff testified, with reference to the warranty, as follows: "I told him [one of the defendants], 'You guarantee these wells, didn't you?' And he said they did, and I asked him for what length of time. I don't think he named any specified time, but he remarked to me that he had a well then he had put in several years ago, and had some work to do on it then. . The well had never proven satisfactory. . . That guarantee was to be long enough to prove that the well would stay good and all right." The court charged the jury: "If they represented to the plaintiff that the water would be continuous, that the failure of the well to continue to furnish such water would be remedied by the defendants, and upon that consideration the plaintiff paid the defendants the contract price, then I charge you that if you believe that, from the preponderance of evidence, the burden is upon the defendants to keep that well in that kind of condition for a reasonable time, or such length of time as you may believe under the evidence as the defendants, or

either of them, represented to the plaintiff they would keep it in such condition. I charge you that if they represented to the plaintiff that they would keep it in that kind of condition, then they are bound to do so." The evidence does not justify this instruction, as, according to the testimony, the alleged express warranty did not cover the continuity of the flow of water and did not provide for the future upkeep of the well.          *Judgment reversed.*